UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEYTON MARTINEZ                                    CIVIL ACTION

VERSUS                                             NO. 12-1458

N. BURL CAIN                                       SECTION "B"


ORDER AND REASONS

NATURE OF MOTION

Before the Court is Petitioner Deyton Martinez's ("Martinez") Objection (Rec. Doc. No. 13) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 12), recommending dismissal with prejudice of Petitioner's habeas corpus petition under 28 U.S.C. § 2254. Accordingly, and for the reasons articulated below,

IT IS ORDERED that the findings of the Magistrate Judge (Rec. Doc. No. 12) are AFFIRMED and ADOPTED as the Court's opinion. Accordingly, Petitioner's application for federal habeas corpus review is DISMISSED WITH PREJUDICE.


PROCEDURAL HISTORY

Petitioner, Martinez, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. (Rec. Doc. No. 1). On March 27, 2006, he and a co-defendant, Salazar, were charged by bill of information in Jefferson Parish with attempted second degree murder and armed robbery of Manuel Carrillo. (Rec. Doc. No. 12). Martinez entered a plea of not guilty on March 31, 2006.[1]

---

[1] St. Rec. Vol. 1 of 6, Minute Entry, 3/31/06.

Martinez's counsel subsequently filed a motion for the appointment of sanity commission to evaluate Martinez's mental competence to proceed[2] and at a later hearing, the Court determined that Martinez was not competent to assist at trial based on the doctor's initial findings.[3] *Id*. While Martinez was undergoing evaluation and treatment, Salazar, entered a plea of guilty to the lesser charges of accessory to attempted second degree murder and accessory to armed robbery[4] and received a five year sentence on each count to run concurrently. *Id*.

Martinez was later re-evaluated and found competent enough to stand trial by the sanity commission and tried before a jury on April 28, 2009. *Id*. He was found guilty of attempted second degree murder and not guilty of armed robbery and sentenced to forty-nine and one-half years in prison without benefit of parole, probation, or suspension of sentence. *Id*. Martinez was resentenced to 99 years in prison without benefit of parole, probation, or suspension of sentence after the State filed a multiple bill of information and the Trial Court on September 25, 2009 adjudicated Martinez to be a second felony offender. *Id*.

---

[2] St. Rec. Vol. 1 of 6, Motion to Appoint Sanity Commission, 7/12/06.
[3] St. Rec. Vol. 1 of 6, Minute Entry, 9/27/06; Order of Commitment, 9/27/06; St. Rec. Vol. 3 of 6, Hearing Transcript, 9/27/06.
[4] St. Rec. Vol. 1 of 6, Plea Minutes (Salazar), 11/7/07; Memorandum of Understanding (Salazar), 10/31/07; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 11/7/07.

On direct appeal, Martinez's counsel argued that the evidence was insufficient to support the verdict and the original sentence was excessive. The Louisiana Fifth Circuit affirmed the conviction and the original sentence finding no merit in the claims. Martinez's counsel filed another appeal after the multiple bill adjudication raising the same two errors. Martinez was granted leave to file a supplemental *pro se* brief but he never did. The Louisiana Fifth Circuit refused to reconsider the sufficiency of the evidence issue and affirmed the habitual offender sentence.[5] After not filing for rehearing or seeking review in the Louisiana Supreme Court for either of the appellate decisions, Martinez's conviction became final 30 days later on June 24, 2010.

In his application for post-conviction relief, Martinez argued that the trial court lacked jurisdiction, he was denied due process and had ineffective counsel. The State responded and the Trial Court denied the application. The court found that the first two claims were barred under La. Code Crim. P. art. 930.4(B) and (C) for his failure to raise the issues either pretrial or on direct appeal and alternatively without merit since he had been found competent by a sanity commission. The Court also found that Martinez's ineffective assistance of counsel claim was without merit under the standards set forth in

---

[5] *State v. Martinez*, 40 So.3d 1113, 1115, 1117 (La. 2010); St. Rec. Vol. 2 of 6, 5th Cir. Opinion, pp. 3, 6, 09-KA-1057, 5/25/10

*Strickland v. Washington*, 466 U.S. 668 (1984). The Louisiana Fifth Circuit denied an application to review finding no error in the Trial Court's ruling and the Louisiana Supreme Court subsequently denied it without stated reasons.

Martinez filed the instant federal application for *habeas corpus* relief on June 12, 2012.


**LAW AND ANALYSIS**

**I.   The Standard of Review**

The threshold questions in *habeas* review are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b),(c) (2006)).

The State raised the defenses of limitations, failure to exhaust, and procedural default. The Magistrate Judge found that the State's limitations and exhaustion defenses were based on factual error because they were both based on a clearly erroneous interpretation of the Louisiana Fifth Circuit's ruling on post-conviction review. (Rec. Doc. No. 12). The Magistrate Judge,

however, found and addressed portion of the procedural default defense. *Id*.

The Magistrate Judge correctly determined that Martinez's claim challenging the sufficiency of the evidence had not been substantively exhausted in the state courts. Under the exhaustion doctrine, "[a] federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).

Initially on direct appeal, Martinez's counsel challenged the sufficiency of the evidence on the basis that the non-life-threatening stab wounds were not sufficient to prove specific intent to kill. (Rec. Doc. No. 12). However, in his current petition, Martinez argued that the State failed to prove specific intent because the evidence showed that Carrillo initiated the argument with him and Salazar; therefore, without malice aforethought there was no specific intent for purposes of attempted second degree murder. Since the arguments are factually different, as the Magistrate Judge pointed out, the claim is not exhausted.

**II.   Procedural Default**

Martinez's claims of lack of jurisdiction and denial of due process are in procedural default having been dismissed by the state courts as procedurally barred from review. Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The "independence and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32.

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural bar. *Amos v. Scott,* 61 F.3d 333, 338 (5th Cir. 1995). In addressing these two claims on post-conviction review, the Trial Court found each claim to be barred from review under La. Code Crim. P. art. 930.4(B) and (C). These bars were approved by the Louisiana Fifth Circuit and the Louisiana Supreme Court. Article 930.4(B) prohibits review of a claim that was known and inexcusably not raised in the proceedings leading to the conviction. Article 930.4(C) similarly prohibits review of a claim that was inexcusably not pursued on

6

direct appeal. The state courts' rulings were based on Louisiana law setting forth the requirements for preservation and presentation of claims on appellate and post-conviction review. These rulings were therefore independent of federal law and relied strictly on state procedural requirements.

In evaluating the adequacy of the procedural bars to a petitioner's claim, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986). In keeping with this rule, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996).

The state trial court barred Martinez's claims pursuant to La. Code Crim. P. art. 930.4(B) and (C) for failure to raise the claims in an appropriate manner and found that Martinez failed to provide a meritorious excuse for his failure to do so. Thus, the bars imposed on Martinez's claims of lack of jurisdiction and denial of due process are supported by the record and are adequate to foreclose review by this federal court. Because the Louisiana courts' decisions rested on independent and adequate state rules of procedural default, this court will not review

Martinez's claims unless he established one of the following exceptions.

## A.   Cause and Prejudice

To demonstrate cause, the petitioner must prove that some condition external to the defense impeded his efforts to comply with the procedural rules. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Failure, by petitioner or his counsel, to recognize the factual or legal basis for a claim, or failure to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id.* at 486.

Martinez has failed to offer any cause for the default which would excuse the procedural bar. Nothing in the record supports a finding that any factor external to the defense or any action or inaction by the State prevented Martinez from raising the claims in a procedurally proper manner. Martinez's defaulted claims are therefore procedurally barred.

## B.   Fundamental Miscarriage of Justice

Martinez may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed, and this can only be demonstrated by a showing of actual innocence. *Murray,* 477 U.S. at 495-96. To establish actual innocence, Petitioner must show that, "in light of all the evidence ... it is more likely than not that no reasonable juror would have convicted him." *United States v. Torres,* 163 F.3d 909,

912 (5th Cir. 1999)(citing *Bousley v. United States,* 523 U.S. 614, 624 (1998)). Additionally, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover v. Cain*, 128 F.3d 900, 903 (5th Cir. 1997).

Martinez does not present any claim and the record contains nothing to suggest or establish his actual innocence on the underlying conviction. His claims instead address alleged procedural failings in the state criminal proceedings and not his actual innocence. He presents no evidence or argument of the kind of actual innocence that would excuse his procedural default.

**III. Standards of Review on the Merits of the Remaining Claims**

A state court's determinations of questions of fact are presumed correct and the court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[6] Deference is given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court.[7] A state

---

[6] 28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).
[7] *Hill*, 210 F.3d at 485.

court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 412-13 (2000).

A state court's decision can involve an "unreasonable application" of federal law if it either: (1) correctly identifies the governing rule but then applies it unreasonably to the facts; or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 406-08, 413. Under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price v. Vincent*, 538 U.S. 634, 641 (2003).

### IV. Sufficiency of the Evidence

In his objection, Martinez argued although he stabbed Carrillo multiple times, the State failed to prove the specific

intent to kill. (Rec. Doc. No. 13). He argued that due to his mental illness he does not recall what happened during his confrontation with Carrillo but maintains that he had no deliberate intent to kill. *Id*.

A claim of insufficiency of the evidence is a mixed question of law and fact, requiring this Court to examine whether the state court's denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent. *Penry v. Johnson*, 215 F.3d 504, 507 (5th Cir. 2000). The Supreme Court established the due process standard a reviewing court must utilize in analyzing the sufficiency of the evidence in *Jackson v. Virginia*, 443 U.S. 307 (1979). Pursuant to *Jackson*, the inquiry is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime, as identified by state substantive law, to have been proven beyond a reasonable doubt. Id. at 316-17. In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. *State v. Shapiro*, 431 So.2d 372 (La. 1982). All evidence, direct and circumstantial, must meet

the *Jackson* reasonable doubt standard. *State v. Jacobs*, 504 So.2d 817 (La. 1987).

Under Louisiana law, intent need not be proven directly but may be inferred from the actions of the defendant and the circumstances surrounding those actions. *State v. Sharlhorne*, 554 So.2d 1317,1321 (La. App. 1st Cir. 1989). While specific intent to inflict great bodily harm is not alone enough to support a conviction for attempted second degree murder it can be implied by the intentional use of a deadly weapon, such as a knife or a gun. *State v. Collins*, 43 So.3d 244, 251 (La. App. 1st Cir. 2010).

The jury, after hearing Carillo and other witnesses' testimony concluded there was sufficient evidence that an angry Martinez attacked Carrillo unprovoked with a knife and stabbed him 18 times causing extensive bleeding, internal injuries and requiring surgery. Thus, the evidence was more than sufficient for a reasonable jury to conclude that Martinez acted with specific intent to kill and to support the verdict of attempted second degree murder. The state courts' denial of relief on Martinez's claim was not contrary to, or an unreasonable application of, Supreme Court precedent.

**V. Excessive Sentence**

Martinez alleged that his sentence was excessive under the Louisiana Constitution and the Eighth Amendment to the United States Constitution. He based this on the argument that Carrillo's injuries were not life-threatening, there was no proof of specific intent to kill, and the fight was provoked by Carrillo.

If a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is shown to be grossly disproportionate to the gravity of the offense. *See Harmelin v. Michigan*, 501 U.S. 957, 993-95 (1991). "[W]hen a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality,'" a court then considers (a) the sentences imposed on other criminals in the same jurisdiction; and (b) the sentences imposed for commission of the same offense in other jurisdictions. *Smallwood v. Johnson*, 73 F.3d 1343, 1346-47 (5th Cir. 1996).

Martinez faced a penalty range for attempted second degree murder of imprisonment at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence. La. Rev. Stat. Ann. §§14:27(D)(1)(a), 14:30.1. Under Louisiana's habitual offender laws at the time, as a second offender, Martinez's sentence was to be not less than

one-half of the longest term and not more than twice the longest term prescribed for a first offense. La. Rev. Stat. Ann. § 15:529.1. Applying these provisions, Martinez faced a sentencing range as a second offender of not less than 25 years nor more than 100 years in prison. He received a sentence of 99 years in prison, which clearly falls within that range.

As pointed out by the state appellate court, this sentence was actually less than other sentences imposed by Louisiana courts upon a second felony offender convicted of attempted second degree murder where similar sentencing factors were considered.[8]

Martinez has not shown that his sentence was grossly disproportionate or unconstitutionally excessive in light of the crime for which he was convicted. It appears that the sentence was entirely appropriate given the savagery of the attack, its surrounding circumstances and the severe nature of the injuries Martinez inflicted upon Carrillo. The state courts' denial of relief on this issue was not contrary to established Supreme Court case law, nor was it an unreasonable application of Supreme

---

[8] *State v. Hills*, 727 So.2d 1215, 1217-18 (La. App. 4th Cir. 1999) (100 years as second offender for attempted second degree murder involving multiple gunshots to defenseless victim); *State v. Hall*, 606 So.2d 972, 973, 977-78 (La. App. 3d Cir. 1992) (100 years as second offender where court found defendant to have propensity for violence).

Court precedent. Thus, Martinez is not entitled to relief on this claim.

## VI. Ineffective Assistance of Counsel

Martinez alleged that his counsel provided ineffective assistance because he failed to seek clarification of his competency to proceed, in part because he was intimidated by the biased judge, and because he failed to secure an independent psychiatric expert to assist in preparing to cross examine the State's psychiatrists.

In a federal *habeas* challenge, the question of whether a lawyer was ineffective in rendering assistance is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). As such, the question is whether the state courts' denial of relief was contrary to, or an unreasonable application of, United States Supreme Court precedent.[9] To prevail, a petitioner must demonstrate "both deficient performance by counsel and prejudice to the defense as a result of the deficient performance." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986). To prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's

---

[9] Title 28, United States Code, Section 2254(d)(1).

unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[10]

Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697. The United States Supreme Court has clarified that, in applying *Strickland*, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S.Ct. 770, 778 (2011).

A finding of competency to stand trial is a fact determination entitled to a presumption of correctness. *Miller v. Fenton*, 474 U.S. 104, 113 (1985). To show that incompetence existed, a petitioner would have to demonstrate to this habeas court facts "'sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt' as to his mental competence at the time of trial." *Dunn v. Johnson*, 162 F.3d 302, 306 (5th Cir. 1998).

---

[10] In *Strickland*, the Supreme Court defined "reasonable probability" as "probability sufficient to undermine confidence in the outcome."

Nothing in the record shows that defense counsel was intimidated by the trial court or that there was bias or prejudice during the proceedings. Neither does the record reflect that defense counsel abandoned the competency issue. Instead, the record shows a pattern of continued misrepresentation by Martinez about his ability to remember his violent outbursts and the violent attack on Carrillo. The record does not establish that there was a true competency issue except that feigned by Martinez, and discredited by the jury.

Martinez has shown nothing to meet his burden of proving error by counsel or a denial of due process. The state trial court's finding of competence was a reasonable determination of the facts in light of the evidence presented to it. *See Hill*, 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)). Additionally, defense counsel's performance during the competency proceedings was reasonably based on his investigation and consideration of the competency reports and forensic records.

While the law provides that, when requested, an indigent defendant is entitled to funding for psychiatric expert assistance when he "demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial,"[11] an indigent defendant does not have an automatic

---

[11] Ake v. Oklahoma, 470 U.S. 68, 82-83 (1985).

right to expert assistance upon demand.[12] Rather, he must "establish a reasonable probability that the requested experts would have been of assistance to the defense and that denial of such expert assistance resulted in a fundamentally unfair trial."[13]

The Magistrate Judge distinguished the instant case from *Ake*, where the Supreme Court explained that "when the State has made the defendant's mental condition relevant to his criminal culpability and to the punishment he might suffer, the assistance of a psychiatrist may well be crucial to the defendant's ability to marshal his defense." *Id at* 80. However, in this case, the competency report submitted to the state trial court left no room for doubt that Martinez suffered no mental illness.

Martinez's counsel had no basis to make a request under *Ake* for further mental evaluation because neither his competence or sanity were truly at issue.[14] Martinez has presented nothing to this court, or to the state courts, which would suggest that his mental competence was at issue. Martinez has not established that his counsel's performance was deficient in any way, that his trial was rendered fundamentally unfair by his counsel's performance, or that his counsel's actions prejudiced him. The

---

[12] *Yohey v. Collins*, 985 F.2d 222, 227 (5th Cir. 1993).

[13] *Id.*

[14] *See Dunn*, 162 F.3d at 308 (no constitutional requirement to appoint a psychiatrist under *Ake* where defendant made no preliminary showing that his sanity would be a significant factor at trial).

denial of relief on this claim was not contrary to, or an unreasonable application of, Supreme Court precedent. Martinez is not entitled to relief on this claim.

As set forth above, Martinez's claims are without merit. Accordingly, **IT IS ORDERED** that the petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 27th day of March, 2013.

UNITED STATES DISTRICT JUDGE